UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
AZARIAH RICHARDSON                              CASE NO.:    04CV5314
                                                (JGK) (THK)

                        Plaintiff,          **VERIFIED COMPLAINT**
   - against -
                                                **JURY TRIAL DEMANDED**


**THE CITY OF NEW YORK;**
**THE NEW YORK CITY DEPARTMENT OF PROBATION,**
**PROBATION OFFICER NICOLE WAITE**

                             **Defendants.**
--------------------------------------------------------------------------------X

       Plaintiff, by their Attorney, Jonathan Ginsberg & Associates, LLP, for their Complaint against the Defendants, allege, at all times material herein, that:

## VENUE AND JURISDICTION

1) This action is brought pursuant to 42 United States Code Sections 1981, 1983, 1985, 1986, 1988 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and pursuant to New York State Tort law and the New York State Constitution.

2) Jurisdiction is founded on the existence of a Federal question, and a question arising under an Act of Congress, U.S.C., Title 42, Sec. 1983, as hereinafter more fully appears.

3) Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose.

## PARTIES

4) Plaintiff AZARIAH RICHARDSON (hereinafter referred to as Plaintiff) is and was a resident of the State of New York, County of New York.

5) Defendant CITY OF NEW YORK (hereinafter referred to as City) is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New

York and was the employer of the Defendant PROBATION OFFICER WAITE (hereinafter referred to as "P.O. Waite"), and managed, owned, controlled, and operated the Defendant NEW YORK CITY DEPARTMENT OF PROBATION (hereinafter referred to as "Department of Probation").

6) Defendant P.O. Waite is, and was at all times material herein, employed by the Department of Probation and was acting within the scope and authority of her employment.

7) The City of New York at all times material herein was responsible for the hiring, training, supervision, discipline, retention and promotion of the probation officers, officers, sergeants, agents and/or employees of the New York Department of Probation.

## FACTS

8) Plaintiff was born on May 24, 1985 and was an infant within the meaning of New York State Law at the time of the events described *infra*.

9) In or about April, 2003, Plaintiff plead guilty to an offense in the Criminal Court, New York County.

10) Plaintiff was required by order of the Criminal Court Justice presiding over his plea to cooperate with the Department of Probation in their statutorily prescribed role in, *inter alia*, generating a presentence report.

11) The defendants City, and Department of Probation assigned P.O. Waite to perform interviews of the Plaintiff and to complete an investigation and presentence report in keeping with the Court's order.

12) The defendants City and Department of Probation were responsible for training and disciplining P.O. Waite, who was responsible for the supervision and evaluation of juveniles, or infants, under New York Law in her role and capacity as a Probation Officer.

13) The defendants City and Department of Probation failed to train, and failed to properly train P.O. Waite with respect to refraining from inappropriate interactions with persons in her charge, amounting to a deliberate indifference to the constitutional rights of those juveniles unfortunate enough to come into contact with her.

14) In light of the duties assigned to P.O. Waite which included interactions with minors of the opposite sex as hers, the need for more training and different training was so obvious and the inadequacy so likely as to result in the violation of constitutional rights of the Plaintiff.

15) When Plaintiff fell under the supervision of the defendants, P.O. Waite required the Plaintiff to engage in sexual acts with Waite in exchange for her providing Plaintiff with an evaluation relating that he had cooperated with the defendant Department of Probation's investigation and generation of presentence report.

16) Thereafter, and on at least three occasions in May, 2003, Waite required the Plaintiff to engage in sexual relations with her as follows:
   - In the first encounter, Waite gave the Plaintiff wine and had sexual intercourse with him at a location within the City and County of New York;
   - In the second encounter, Waite required the Plaintiff to appear at defendants' City and Department of Probation office at 100 Centre Street, New York, New York with a condom. When the Plaintiff appeared without a condom, P.O. Waite performed oral sex upon him.
   - In the third encounter, P.O. Waite gave the plaintiff liquor and marijuana at a hotel at 145th Street and Broadway, in the City and County of New York and had sexual intercourse with him.

17) The defendant P.O. Waite's harassing, threatening, unconstitutional and unlawful acts continued until at least June 19, 2003 when Waite mailed a sexually suggestive letter complimenting the Plaintiff's supposed willingness in engage in sexual relations and criminal conduct with her, and which purported to remind the Plaintiff of an upcoming court date.

18) The defendant Department of Probation received federal funding for inter alia, group counseling and drug treatment.

19) The defendant P.O. Waite was motivated by discriminatory animus and subjected him to sexual abuse and committed unlawful acts against the plaintiff because he was a male.

20) As a result of the defendants' conduct, plaintiff was subjected to humiliation, shame and disgrace, necessitating treatment including counseling sessions at Columbia Presbyterian Children's Hospital Child Advocacy Services.

21) Conditions precedent for New York State Tort Law claims have been satisfied, including filing of notice of claim and compliance with time constraints for suit.

### AS AND FOR A FIRST CAUSE OF ACTION

22) Plaintiff reiterates and realleges the facts stated in all paragraphs above as if stated fully herein.

23) Plaintiff was subject to arbitrary action in violation of his substantive due process right to be free from compulsion to engage in sexual and illegal acts against his will.

24) The defendants' conduct was fatally arbitrary in that it did not further the defendants' legitimate interest in punishment under the statutory schemes govern probation and presentence reports.

25) The defendants' conduct is so arbitrary as to shock the conscience and violate the Plaintiff's fundamental rights.

26) The defendants' conduct subjected the Plaintiff to harassment based upon his gender.

27) The defendants' conduct discriminated against the Plaintiff on the basis of sex.

28) The defendants' conduct constituted cruel and unusual punishment.

29) All Defendants intentionally and recklessly deprived all plaintiffs of their rights, privileges and immunities secured by the United States Constitution.

30) All defendants acted under color of law.

31) All defendants are liable for said damage and injuries pursuant to the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and under the right to substantive due process.  42 U.S.C. § 1983.  Further, all defendants are liable for said damage and injuries pursuant to Title VI of the Civil Rights Act of 1964 at 42 U.S.C. Sections 2000(d) et seq. and the Omnibus Crime Control and Safe Streets Act of 1968 at 42 U.S.C. Section 3789d(c).

## **AS AND FOR A SECOND CAUSE OF ACTION**

32) Plaintiff reiterates and realleges the facts stated in all paragraphs above as if stated fully herein.

33) Defendants assaulted plaintiff in that they communicated an unlawful offer or attempt with force or violence to do corporal hurt to another.

34) Defendants communicated a grievous affront or threat to the plaintiff.

35) Defendants intended to commit the acts which constituted the assault.

36) Defendants had the present ability to use actual violence against the plaintiff.

37) As a result, the plaintiff reasonably believed that he was about to suffer bodily injury.

38) All defendants are liable for said damage and injuries pursuant to Tort law of the State of New York.

## **AS AND FOR A THIRD CAUSE OF ACTION**

39) Plaintiff reiterates and realleges the facts stated in all paragraphs above as if stated fully herein.

40) All Defendants committed battery against the plaintiff in that they actually struck or touched him in a violent, angry, rude or insolent manner.

41) Defendants' intent to injure concurred with the use of unlawful violence upon the battered person.

42) The intended injury was to the feelings or mind of the assaulted plaintiffs, as well as to their bodies.

43) All defendants are liable for said damage and injuries pursuant to Tort law of the State of New York.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

  (a) special and compensatory damages in the amount of One Million ($1,000,000.00) dollars;

  (b) punitive damages in the amount of One Million ($1,000,000.00) dollars;

  (c) reasonable attorney's fees and the costs of litigation of this action pursuant to 42 U.S.C. § 1988;  and

  (d) such other and further relief as to this Court seems just and proper.


Dated: New York, New York
    July 6, 2004

              Respectfully Submitted,

              **JONATHAN GINSBERG & ASSOCIATES, LLP**


              _____/s/_____
              By:  Jonathan Ginsberg, Esq. (JG – 7504)
              Attorney for Plaintiff
              80 Wall Street, Suite 1115
              New York, NY 10005

<u>VERIFICATION</u>

STATE OF NEW YORK      )
                                  )SS
COUNTY OF NEW YORK   )

Jonathan Ginsberg, Esq., an attorney duly admitted to practice law in the Eastern District of New York, affirms pursuant to Rule 11 of the Federal Rules of Civil Procedure that:

    1)    I have consulted with the plaintiff in the within action.

    2)    I have read the attached Complaint and know the contents thereof to be true to the best of my knowledge, based upon conversations with the plaintiff and my investigation.

Dated:   July 7, 2004

                                  **JONATHAN GINSBERG & ASSOCIATES, LLP**

                                  _____
                                  By:    Jonathan Ginsberg, Esq. (JG – 7504)
                                          Attorney for Plaintiff
                                          80 Wall Street, Suite 1115
                                          New York, NY 10005