UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
AZARIAH RICHARDSON,                 :
                                    :
                  Plaintiff,        :
                                    :     04 Civ. 05314 (THK)
         -against-                  :
                                    :     **MEMORANDUM OPINION**
                                    :         **AND ORDER**
                                    :
CITY OF NEW YORK and NICOLE         :
WAITE,                              :
                                    :
                  Defendants.       :
----------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Azariah Richardson claims that in 2003, while he was seventeen years old and under the supervision of the New York City Department of Probation ("DOP"), he was coerced by former New York City Probation Officer Nicole Waite ("Waite") into engaging in sexual activity on several occasions. Plaintiff sued Waite in her official and personal capacities under 42 U.S.C. § 1983, as well as for various common law torts. He also sued the City of New York ("City") under 42 U.S.C. § 1983, asserting municipal liability for failing to properly train and supervise Waite, and for common law negligence and vicarious liability for the alleged torts committed by Waite. In a Memorandum Opinion and Order dated December 21, 2006, the Court granted summary judgment to the City on all of Plaintiff's claims.[1] See Richardson v. City of New York, et al., No. 04 Civ. 05314 (THK), 2006 WL 3771115, at *16 (S.D.N.Y. Dec. 21, 2006). The Court denied a motion for summary judgment by Waite,

---

[1] The parties consented to trial before this Court pursuant to 28 U.S.C. § 636(c).

except with respect to the Section 1983 claim against her in her official capacity. <u>See</u> <u>id.</u>

Presently before the Court is Plaintiff's motion for entry of a final judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, with respect to the dismissal of Plaintiff's claims against the City.  Plaintiff also seeks leave to move to compel the District Attorney of New York County to provide documents subpoenaed by Plaintiff during discovery, and further seeks leave to move to vacate or stay a January 31, 2007 Order granting costs to the City.

I.   <u>Rule 54(b)</u>

"Ordinarily, under 28 U.S.C. § 1291, the federal courts of appeal generally have appellate jurisdiction only over final judgments of district courts that 'conclusively determine[ ] all of the rights of the parties to the litigation.'" <u>United States v. Am.</u> <u>Society of Composers, Authors and Publishers</u>, 333 F. Supp. 2d 215, 217-18 (S.D.N.Y. 2004) (citing <u>O'Bert v. Vargo</u>, 331 F.3d 29, 40 (2d Cir. 2003)).  However, Federal Rule of Civil Procedure 54(b) allows for the entry of an appealable partial final judgment.  It provides, in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Under Rule 54(b), the district court "is to act as a 'dispatcher'" in deciding "when each final decision in a multiple claims action is ready for appeal," and must exercise this discretion "in the interest of sound judicial administration." See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8, 100 S. Ct. 1460, 1465 (1980) (quoting Sears Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S. Ct. 895, 899-900 (1956)).

In deciding a motion for Rule 54(b) certification, a court should consider the degree to which the adjudicated claim is separable from the claims remaining in the case, so as to "preserve[] the historic federal policy against piecemeal appeals." Curtiss-Wright Corp., 446 U.S. at 8, 100 S. Ct. at 1465 (citing Sears Roebuck & Co., 351 U.S. at 438, 76 S. Ct. at 901); accord O'Bert, 331 F.3d at 40-41. Specifically, a court must determine "whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court w[ill] have to decide the same issues more than once even if there [a]re subsequent appeals." Curtiss-Wright Corp., 446 U.S. at 8, 100 S. Ct. at 1464; accord Lazard Freres & Co. v. Crown Sterling Mgmt., Inc., 901 F. Supp. 133, 138 (S.D.N.Y. 1995). While separability of claims is not entirely dispositive of whether Rule 54(b) certification is proper, see Curtiss-Wright Corp. 446 U.S. at 8, 100 S. Ct. at 1465 ("We do not suggest that the presence of

[inseparability or the likelihood that an appellate court would have to decide the same issues more than once] would necessarily mean that Rule 54(b) certification would be improper."), the Second Circuit has instructed that "claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification," Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1096 (2d Cir. 1992). Courts must be mindful not only of judicial efficiency, but also of the basic principles of justiciability that proscribe the "duties of both the district court and the appellate court." Ginett, 962 F.2d at 1095. Courts "should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [a] decision on the appealed claim or require [the appellate court] to decide issues twice." Ginett, 962 F.2d at 1095; see also Brunswick Corp. v. Sheridan, 582 F.2d 175, 184 (2d Cir. 1978) (that "a decision on the pending claim could moot must of the appealed counterclaim issues," supports "the normal postponement of review until the entire case shall be decided"); Deere & Co. v. MTD Prods,, Inc., No. 00 Civ. 5936 (LMM), 2002 WL 31357692, at *1 (S.D.N.Y. Oct. 17, 2002) (denying certification where "claims dismissed in that order are, at the least, so inextricably intertwined with the remaining claims that this Court's disposition of one or more of the remaining claims could render [the Court of Appeals'] opinion advisory or moot") (internal quotation marks

4

omitted).

"If the court concludes that the above criteria with respect to separability and disparity of claims are met, it may direct that the partial final judgment be entered, but only, in the terms of Rule 54(b), if it determines that there is no just reason for delay." Cullen v. Margiotta, 811 F.2d 698, 711 (2d Cir. 1987). This inquiry involves weighing "the basic equities of permitting immediate appeal." Williams v. State of New York, No. 80 Civ. 4717 (CSH), 1983 U.S. Dist. LEXIS 13652, at *1 (S.D.N.Y. Sept. 19, 1983). "In other words, there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Campbell v. Westmoreland Farm, Inc., 403 F.2d 939, 942 (2d Cir. 1968).

A.   Plaintiff's Grounds for Certification

Plaintiff asserts several grounds for Rule 54(b) certification: (1) that Plaintiff will "be prejudiced by having to try two duplicative and costly jury trials if plaintiff were to prevail against Waite at trial and win on appeal against the City;" (2) that a jury trial against Waite alone "would likely yield an inadequate remedy" since Waite is purportedly judgment-proof; (3) that certification will promote judicial efficiency since "two trials would involve many of the same factual issues and witnesses;" and (4) that the issue in the case against the City "is of significant importance to the community at large." (See Letter

of Michael P. Mangan, Esq. to the Court, dated May 8, 2007 (" Pl.'s May 8 Ltr."), at 2.)  The City takes no position with respect to Plaintiff's request for certification (see Letter of Hillary A. Frommer, Esq. to the Court, dated May 11, 2007 ("City's May 11 Ltr."), at 1), and Defendant Waite has not responded to Plaintiff's motion.

     B.   <u>Discussion</u>

     It is undisputed that multiple claims are at stake in this action and that the grant of summary judgment on Plaintiff's claims against the City qualifies as a final decision for purposes of Rule 54(b).  However, Plaintiff seeks to hold the City liable under the theory of municipal liability recognized in <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 98 S. Ct. 2018 (1978) and <u>City of Canton v. Harris</u>, 489 U.S. 378, 109 S. Ct. 1197 (1989)[2], which necessarily means that the City's liability is entirely contingent upon a finding that Waite violated Plaintiff's constitutional rights.  See <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799, 106 S. Ct. 1571, 1573 (1986) (per curiam) (municipal liability does not lie where alleged constitutional injury is caused solely by named individual defendant who is found not

_____

[2] Under <u>Monell</u> and <u>City of Canton</u>, a municipality can be found liable under Section 1983 because it caused a constitutional violation through a policy or custom, or where its failure to adequately train and supervise employees results in a constitutional violation and reflects a "deliberate indifference" to constitutional rights.  See <u>City of Canton</u>, 489 U.S. at 392, 109 S. Ct. at 1206.

liable, even where "departmental regulations might have authorized the [unconstitutional practice]"); <u>Segal v. City of New York</u>, 459 F.3d 207, 219 (2d Cir. 2006) (where "district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under <u>Monell</u> was entirely correct"); <u>Curley v. Village of Suffern</u>, 268 F.3d 65, 71 (2d Cir. 2001) ("Following <u>Heller</u>, we have recognized that a municipality cannot be liable for inadequate training or supervision when the officers involved in making the arrest did not violate the plaintiff's constitutional rights."); <u>Ricciuti v. N.Y.C. Transit Auth.</u>, 124 F.3d 123, 132 (2d Cir. 1997) ([A] claim of inadequate training and supervision under § 1983 cannot be made out against a supervisory body without a finding of a constitutional violation by the persons supervised . . . ."); <u>Gashi v. County of Westchester</u>, No. 02 Civ. 6934 (GBD), 2007 WL 749684, at *9 (S.D.N.Y. Mar. 12, 2007) (noting that a <u>Monell</u> claim is not an independent cause of action, but an extension of liability; "Where, as here, the municipal liability sought to be imposed is predicated solely upon the challenged actions taken by the municipal[ity]'s officers, a finding that plaintiff's constitutional rights were not violated by the officers is necessarily fatal to maintaining a <u>Monell</u> claim.").[3]   If Waite is found to have not violated Plaintiff's

_____

[3] In contrast, <u>Monell</u> municipal liability for constitutional injuries may be found to exist, even in the absence of individual liability, if the alleged injury is not "solely attributable" to

constitutional rights, the Section 1983 claim against the City, which Plaintiff seeks to revive on appeal, will become moot. Thus, the Section 1983 claims against the City and against Waite are "inextricably interrelated," and entry of final judgment against the City under Rule 54(b) is inappropriate. See Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1026 (2d Cir. 1992) ("[T]he interrelationship of the dismissed and surviving claims is generally a reason for not granting a Rule 54(b) certification, not a reason for granting it, either because the remaining proceedings in the district court may illuminate appellate review of the dismissed claims or because those proceedings may suggest that the dismissal should be modified as is expressly permitted by Rule 54(b)."); Ruffolo v. Oppenheimer & Co., Inc., 949 F.2d 33, 36 (2d Cir. 1991) (no sufficient reason to certify dismissal of claim against defendant employer where claims against the defendant employer and its employee, who remained in the case, "are completely intertwined"); Cullen, 618 F.2d at 228 ("[T]he adjudicated and pending claims are closely related and stem from essentially the same factual allegations. Further proceedings on the pending causes of action will illuminate appellate review of

---

the named defendants. Barrett v. Orange County Human Rights Comm'n, 194 F.3d 341, 350 (2d Cir. 1999) (where many of the alleged adverse employment actions were taken by the defendant commission as a whole, it was possible that the defendant commissioners did not as individuals violate plaintiff's rights, but that the commission did). This exception does not apply to the claims in this action.

the other claims.   Indeed, several questions involved in this appeal may turn on, or be rendered moot by, the district court's resolution of issues still pending before it."); Building Indus. Fund v. Local Union No. 3, Int'l Bhd. of Elec., 992 F. Supp. 162, 191 (E.D.N.Y. 1996) ("a trial on the remaining claims [against defendant] will dispose of issues that could render plaintiff's appeal moot); cf. Telecom Int'l Am., Ltd. v. AT&T Corp., 187 F.R.D. 492, 497 (S.D.N.Y. 1999) ("appeal in one action [by plaintiff] would not [require] reach[ing] the merits of the claims in the other action).

Accordingly, Plaintiff's motion for certification pursuant to Rule 54(b) is denied.

II.   Request for Leave to Compel

Plaintiff seeks leave to move to compel the District Attorney of the County of New York ("District Attorney") to produce: (1) letters purportedly written to Waite by two individuals she supervised at the Department of Probation wanting to 'date' her, with accompanying notes regarding an inquiry made by the Department of Probation," (2) a receipt from the Hotel Caribe, (3) a "compact disc recording of notification to the Internal Affairs Bureau," and (4) "a memorandum from DOP official Ralph Abreu to Assistant DOP Commissioner Jane Imbasciani." (See Pl.'s May 8 Ltr., at 2.)  The City opposes these requests, arguing that the demands were "already addressed during the discovery period and ruled on in the City's

favor." (<u>See</u> City's May 11 Ltr., at 1.)  It does not appear that Plaintiff served a copy of his May 8 Letter on the District Attorney.

At the outset, the Court notes that it has already ruled as to which materials Plaintiff is entitled and has addressed these specific requests on prior occasions.  Nonetheless, for the sake of clarity, it is hereby ORDERED:

(1)  If the DOP is in possession of any letters written to Waite by persons she supervised, in which the correspondent sought some sort of social relationship with Waite, such letters should be submitted to the Court by June 20 for <u>in camera</u> review.  If the DOP does not have any such materials, counsel shall so inform the Court in writing.

(2)  If there is correspondence which was not turned over during discovery, from Mr. Abreu to Ms. Imbasciani, relating to Waite's social relationships with either Plaintiff or any other individuals under her supervision, such correspondence should be submitted to the Court by June 20 for <u>in camera</u> review.  If the DOP does not have any such materials, counsel shall so inform the Court in writing.

If there is a need for further discovery from the District Attorney's Office after the City has responded to items (1) and (2)

above, Plaintiff may raise the issue with the Court, but should do so promptly.

III.   Leave to Move to Vacate or Stay Order Granting Costs

For the reasons discussed above, the judgment entered in favor of the City is not a final judgment under Rule 54(b).   The Court therefore assumes that the City does not intend to enforce the Order imposing costs, entered on January 31, 2007, until final judgment has been entered or the time to appeal has lapsed.   There is therefore no need for further motions on this issue.

SO ORDERED.

Theodore H. Katz
United States Magistrate Judge

Dated:     June 14, 2007
           New York, New York

11